◼ In the Matter of the Claim of LEINA MANDEVILLE, Respondent, v. SEARS, ROEBUCK & COMPANY, Appellant, and SPECIAL DISABILITY FUND, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the self-insured employer from a decision of the Workmen's Compensation Board, filed June 22, 1972, which reversed the Referee's finding of liability upon the Special Disability Fund under section 15 (subd. 8, par. [d]) of the Workmen's Compensation Law and affirmed his finding that claimant's payments should continue at the total disability rate. Claimant, a telephone operator and clerical worker, sustained multiple injuries to her head, neck and back in a fall at work on June 26, 1969. Two questions are presented on this appeal: Was the board justified in absolving the Special Disability Fund of all liability for the injuries of the claimant, and in determining that claimant was entitled to benefits at the total disability rate? There is substantial evidence in the record to support the board's finding of no liability on the part of the Special Disability Fund. Special Fund cannot be held liable unless the claimant had, *inter alia,* a permanent physical impairment prior to her compensable injury (*Matter of Friscia* v. *Mermaid Sea Prods.,* 27 A D 2d 614), and there is substantial medical testimony in the record to indicate that such was not the case. However, we cannot agree with the board's second finding that the claimant was entitled to benefits at the total disability rate. While it is true that there was medical evidence to the effect that the claimant was unable to return to her former work and that she was permanently partially disabled, there was no medical evidence indicating that she could not perform some kind of work. Reliance by the claimant upon *Matter of Logozzo* v. *Queens Structure Corp.* (40 A D 2d 741) is misplaced, for in that case several medical witnesses testified that the claimant, while only partially permanently disabled, was clearly unemployable. We find no such evidence here. In addition, there is no evidence in this record that the claimant made any attempt to secure some other employment without success (*Matter of Doberstein* v. *Marshall,* 37 A D 2d 1024). Decision reversed and matter remitted for further proceedings consistent herewith, with costs to appellant. Cooke, Main and Reynolds, JJ., concur; Herlihy, P. J., and Staley, Jr., J., concur in part and dissent in part in a memorandum by Herlihy, P. J. Herlihy, P. J. (concurring in part and dissenting in part). We concur in so much of the majority decision as affirms the board on the question of liability of the Special Disability Fund. However, we disagree with the conclusion that the board erred in affirming the continuance of payments at a total disability rate as directed by the Referee at the hearing on September 23, 1971. The board affirmed the Referee's finding of a permanent partial disability and, in accordance with the history of the case as is more fully set forth

hereinafter, properly directed that the matter be restored to the Referee calendar in accordance with the Referee's prior direction. It is to be expected that if there is any substantial issue as to the proper rate of compensation, it will be resolved in the subsequent proceedings at the Referee level and in accordance with established board procedures. The record reveals that on November 13, 1969 the appellant stipulated to payments due the claimant based on total disability and that thereafter on October 8, 1970 the appellant stipulated that the only issue was that of liability pursuant to subdivision 8 of section 15 of the Workmen's Compensation Law. The record further discloses that as of the Referee's decision in December of 1971 the appellant had clearly abandoned any claim that the rate was too high. It had been agreed by the appellant at the Referee's hearing on September 23, 1971 that if it wished to object to the rate subsequent to August or as a result of the testimony adduced at the September hearing, the appellant should file a form C-8 to raise an issue as to the correctness of the rate. This the appellant failed to do and at the September hearing the Referee, in accordance with the express request of the appellant, directed that payment continue at the total disability rate. The appellant in its application for review agreeing that the claimant was not present pursuant to the agreement of all of the parties stated: "In the light of this unusual situation we submit that it would be appropriate to restore the case to the referee's calendar for him to determine in the presence of the parties the proper disability rate. However, we also respectfully submit that the rate established is patently erroneous and that, therefore, it should be reversed." The board found in its decision of June 22, 1972: "The Panel further finds, based on the probative medical evidence, that subsequent to March 18, 1971 claimant was totally disabled from performing her regular work as a telephone operator." The decision should be affirmed.